*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DERSHAWN TITUS WRIGHT,

        Defendant-Appellant.

UNPUBLISHED
July 15, 2026
11:41 AM

No. 373336
Wayne Circuit Court
LC No. 24-002384-01-FC

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84; assault with a dangerous weapon (felonious assault), MCL 750.82; and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 2 1/2 to 10 years' imprisonment for the AWIGBH conviction, 1 to 4 years' imprisonment for the felonious-assault conviction, and consecutive terms of two years' imprisonment for each felony-firearm conviction.[1] We affirm.

## I. FACTUAL BACKGROUND

This case arises from the nonfatal shooting of Frederick Morton-Welch during a domestic dispute at a gas station in Detroit, Michigan. Brittany Morton and Michael Bland, who had two children together, were separating after a relationship marked by Bland's prior domestic violence against Morton. Bland drove Morton to the gas station so Morton's family could retrieve Morton and her belongings. Morton-Welch, who is Morton's brother, along with several other members of their family, arrived to help move Morton's property from Bland's vehicle into Morton's

---

[1] The jury acquitted defendant of assault with intent to commit murder (AWIM), MCL 750.83, and a related felony-firearm count.

mother's vehicle. Defendant, who was dating Bland's sister and considered Bland to be like a brother, arrived separately with Bland's mother and sister.

While Morton's family was moving her belongings, Morton-Welch approached Bland's vehicle, opened the driver's side door, and began fighting with Bland. The testimony established that both men were unarmed during the fight. Bland struck Morton-Welch in the mouth, and Morton-Welch reached for Bland's legs. As the fight continued out of the vehicle, Bland ended up on top of Morton-Welch. Defendant then ran toward the fight and shot Morton-Welch twice in the right thigh. One bullet traveled through Morton-Welch's cell phone before entering his leg. After the shooting, defendant left the gas station. He later turned himself in.

Defendant admitted at trial that he shot Morton-Welch. He testified that Morton-Welch had previously threatened him and Bland. He explained that he shot Morton-Welch to protect Bland from what defendant perceived as grave danger. Defendant also admitted, however, that he did not try to break up the fight before shooting Morton-Welch. Defendant further testified that Bland was on top of Morton-Welch when defendant fired the shots, and that he aimed for Morton-Welch's legs because he did not believe doing so could kill him. The trial court instructed the jury on defense of others. The jury thereafter convicted defendant as earlier described. This appeal followed.

## II. ANALYSIS

Defendant argues that the prosecution failed to present sufficient evidence to disprove his defense-of-others theory beyond a reasonable doubt. We disagree.

This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Lowrey*, 342 Mich App 99, 122; 993 NW2d 62 (2022). In conducting that review, this Court "must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation omitted). This standard requires the reviewing court to "draw all reasonable inferences and make credibility choices in support of the jury verdict," regardless of "whether the evidence is direct or circumstantial." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant challenges only the sufficiency of the evidence supporting the jury's rejection of his defense-of-others theory. He does not separately challenge the prima facie elements of AWIGBH or felonious assault, nor does he present an independent challenge to the felony-firearm convictions. Nevertheless, the substantive elements frame the inquiry.

Defendant was convicted of AWIGBH under MCL 750.84(1)(a), which makes it a felony to "[a]ssault[] another person with intent to do great bodily harm, less than the crime of murder." The elements are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). The requisite intent is "the intent to do serious injury of an aggravated nature . . . ." *People v Brown*, 267 Mich App 141, 149; 703 NW2d 230 (2005).

"Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats." *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). And "[a]though actual injury to the victim is not an element of the crime, injuries suffered by the victim may also be indicative of a defendant's intent." *Id*. (citations omitted). A jury may presume that a person intends the natural consequences of his acts. *People v Darga*, 349 Mich App 1, 16; 27 NW3d 298 (2023). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Nowack*, 462 Mich at 400 (quotation marks and citation omitted). Because proving state of mind is often difficult, "minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

Defendant was also convicted of felonious assault under MCL 750.82(1), which makes it a felony to "assault[] another person with a gun, revolver, pistol, . . . or other dangerous weapon . . . ." The statute also provides that the assault must be committed "without intending to commit murder or to inflict great bodily harm less than murder . . . ." MCL 750.82(1). But convictions for both AWIGBH and felonious assault arising from the same assaultive conduct are not categorically barred. *People v McKewen*, 516 Mich 23, 41-42; 33 NW3d 307 (2024). The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). As with AWIGBH, a felonious-assault conviction "does not require an actual injury." *People v Garnes*, 316 Mich App 339, 343; 891 NW2d 285 (2016).

Defendant's argument rests on justification. "Though invoked less commonly than its more popular sibling, self-defense, the defense-of-others doctrine has deep roots in Michigan jurisprudence." *People v Leffew*, 508 Mich 625, 638; 975 NW2d 896 (2022). Under the doctrine, "[o]ne may use force in defense of another when he or she reasonably believes the other is in immediate danger of harm and force is necessary to prevent the harm; deadly force is permissible to repel an attack which reasonably appears deadly." *Id*. (quotation marks and citations omitted; alteration in original). There is "no distinction between strangers and relatives with regard to [the doctrine's] application." *People v Kurr*, 253 Mich App 317, 321; 654 NW2d 651 (2002). "[O]nce the defendant satisfies the initial burden of production, the prosecution bears the burden of disproving the common law defense of self-defense beyond a reasonable doubt." *People v Dupree*, 486 Mich 693, 710; 788 NW2d 399 (2010); see also *People v Denson*, 500 Mich 385, 399; 902 NW2d 306 (2017) (applying *Dupree*'s standard to the defense-of-others doctrine).[2]

A defendant's history "may be relevant to explain the reasonableness of [his or her] belief that he or she was in inescapable danger." *People v Orlewicz*, 293 Mich App 96, 102; 809 NW2d 194 (2011). But reasonableness remains an objective inquiry, and "reasonableness depends on

---

[2] Although *Dupree* and other cases discuss self-defense, Michigan courts have treated self-defense and defense of others analogously in this context. See, e.g., *Leffew*, 508 Mich at 639-643. The Self-Defense Act likewise addresses the use of force in defense of oneself and another individual together. See MCL 780.972.

what an ordinarily prudent and intelligent person would do on the basis of the perceptions of the actor." *Id*. Deadly force carries a correspondingly limited justification. This Court has "long defined" deadly force as force whose "natural, probable, and foreseeable consequence . . . is death." *People v Ogilvie*, 341 Mich App 28, 38; 989 NW2d 250 (2022) (quotation marks and citation omitted). A firearm is a deadly weapon, and "firing a deadly weapon at another person— once or several times—undoubtedly involves the use of deadly force . . . ." *People v Anderson*, 322 Mich App 622, 629; 912 NW2d 607 (2018).

Additionally, "the touchstone of any claim of self-defense . . . is necessity." *People v Riddle*, 467 Mich 116, 127; 649 NW2d 30 (2002). Therefore, "[i]f it is possible to safely avoid an attack then it is not necessary, and therefore not permissible, to exercise deadly force against the attacker." *Id*. at 129. As our Supreme Court has explained:

> [T]he killing of another person in self-defense is justifiable homicide only if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself. [*Id*. at 127 (emphasis added).]

The same limitation applies here. A defendant may not invoke defense of others after using excessive force. *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013); see also *Ogilvie*, 341 Mich App at 40 ("[U]nderpinning self-defense doctrine is the longstanding principle that a person should use no more force than reasonably appears necessary to repel a threat.").

The Self-Defense Act is likewise consistent with these common-law principles. The Act "codified the circumstances in which a person may use deadly force in self-defense or in defense of another person without having the duty to retreat." *Guajardo*, 300 Mich App at 35 (quotation marks and citation omitted). But the Act still requires "that a person have an honest and reasonable belief that there is a danger of death, great bodily harm, or a sexual assault in order to justify the use of deadly force." *Id*. at 35-36. Thus, even when a defendant has no duty to retreat, the use of deadly force must still be reasonably necessary under the circumstances. See *Ogilvie*, 341 Mich App at 40.

Viewing the evidence in the light most favorable to the prosecution, a rational juror could find beyond a reasonable doubt that defendant did not act in lawful defense of another. Defendant used deadly force when he fired a gun twice at Morton-Welch from close range. See *Anderson*, 322 Mich App at 629. The dispositive question is whether defendant honestly and reasonably believed that Bland faced imminent death or great bodily harm and that shooting Morton-Welch was necessary to prevent that harm. A rational juror could conclude that defendant's belief was not reasonable. Morton-Welch and Bland were engaged in a fistfight. Neither man was armed. Although testimony indicated that Morton had a knife and that Morton's sister may have had a holstered gun, Morton was not participating in the fight, and there was no evidence that Morton-Welch had a weapon. More importantly, the testimony permitted the jury to find that Bland was not being overpowered when defendant fired. Bland had struck Morton-Welch, the men had fallen or moved out of the vehicle, and Bland was on top of Morton-Welch when defendant shot him. This is consistent with both trial testimony and the video footage of this incident.

Those facts were sufficient for the jury to find that the fight did not reasonably appear deadly. Defendant did not attempt to separate the men, summon assistance, warn Morton-Welch, or use nonlethal force before firing the gun. Several family members were trying to break up the fight, which further supported an inference that a reasonable person would have perceived the encounter as a fistfight capable of being stopped without gunfire. After the shooting, defendant had to be restrained from approaching again, which the jury could consider when evaluating whether his conduct reflected necessity rather than excessive force.

The testimony about prior threats does not require a different result. Defendant and Bland's sister testified that Morton-Welch had threatened defendant and Bland several months before the shooting. Morton-Welch denied knowing defendant personally. This conflict was for the jury to resolve, and we must resolve credibility questions in support of the verdict. *Nowack*, 462 Mich at 400. Even accepting that some prior threat occurred, the jury could reasonably find that the prior threat did not make it reasonable for defendant to use deadly force months later, where Morton-Welch was unarmed, had not interacted with defendant at the gas station, and was involved in a fistfight in which Bland was on top.

Nor does defendant's testimony that he aimed for Morton-Welch's legs render the evidence insufficient. The question is not whether defendant subjectively intended to kill Morton-Welch. The question is whether defendant honestly and reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to Bland. A rational jury could find that firing two shots into Morton-Welch's thigh during an unarmed fight was more force than reasonably appeared necessary to protect Bland. In sum, the prosecution presented evidence from which a rational jury could find beyond a reasonable doubt that defendant's use of deadly force was not reasonably necessary. The jury therefore properly rejected defendant's defense-of-others theory, and defendant's convictions were supported by sufficient evidence.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello